MERRICK, *in review, versus* FARWELL.

A recognizance, entered into upon the filing of exceptions in the District Court, and reciting the filing of the exceptions, is not rendered void by further reciting that the excepting party "*appealed,*" and by being conditioned that he should prosecute the "*appeal.*"

At the common law, no tender was effectual, if made after a breach.

That principle is still in force as to moneys due on a recognizance to prosecute an appeal.

Costs, due on such a recognizance, are payable as soon as a taxation of them is made.

A tender of such costs, made subsequently to such taxation, is without legal effect.

Whether such a tender, though made at the time of the taxation, would be available, *non dicitur.*

REVIEW.

In an action, brought by one Moore against Farwell, the District Court had ordered a nonsuit. Moore filed exceptions, and recognized with Merrick as surety, in the sum of $200, to prosecute, &c.

The exceptions were overruled, and Farwell's costs were taxed, $27,36, at the term of this Court held in June, 1847. Of these costs, $3,30 accrued after the filing of the exceptions.

Upon that judgment, execution was issued June 22, 1847, and before its expiration, payment was demanded of the defendant Moore. Merrick, the surety, on or about the 1st of November, 1847, tendered to Farwell's attorney $4,00 to discharge the recognizance. The attorney refused to take the money, and brought suit against Merrick.

The money was lodged in Court at the first day of the return term of that suit, and judgment was then obtained in

the District Court by Farwell for damages, to the whole amount of the penalty, $200, that Court having no power to chancer in such cases.

For reasons shown to the Court, Merrick was permitted to institute an action of review, and it is this action of review which now comes up for the decision of the whole Court.

The condition of the recognizance recites the filing of the exceptions, and then proceeds to state that, from the judgment of the District Court, the said Moore "*appealed;*" and concludes as follows : — "if said Moore shall, prosecute his "*appeal*" with effect, and pay all intervening damages, and the costs arising after the appeal" the recognizance to be void.

Merrick pleaded a tender, and also denied that there was a record of such a recognizance.

*Abbott,* for Merrick, the plaintiff in review.

The supposed recognizance recites an "*appeal,*" and binds to the prosecution of an "*appeal.*" But there was no "appeal."

The law did not authorize any appeal. R. S. chap. 97, sect. 13 and 14.

The recognizance, being founded on a supposed appeal, is merely void.

The declaration alleges a record of the recognizance. And the plea denies it. The mere filing the paper is not a recording. But there was no need of a record. A recognizance is not to be sued as a *record,* but as a *specialty.*

The tender was *sufficient.* The condition of the recognizance was, to pay intervening damages and costs. There were no damages, and the costs were but $3,30. The tender was $4,00.

It was seasonable; before action brought; and before any demand on Merrick, the surety. Even the demand on Moore, was ineffectual, because it was a demand, not of the $3,30, which accrued after exceptions filed, but for the whole amount of the judgment, $27,36.

Again, nothing is due upon the recognizance. The $4,00,

lodged in court for the use of Farwell, is a full payment of the $3,30.

At any rate we claim costs. *This* court has power to chancer the penalty. The original plaintiff, then, can recover but the $3,30 as *damage*. Having thus reduced the *damage* on review, we are entitled to costs. R. S. chap. 124, sect. 12.

*E. E. Brown*, for Farwell, the defendant in review.

WELLS, J., orally. — The plaintiff in review contends that the recognizance is void, because taken, not as on exceptions filed, but as on a supposed appeal. This position is not tenable. Exceptions operate, like an appeal, to transfer the action ; and the statute requires the recognizance to be taken " as in case of appeals."

A tender is also relied upon. Was it seasonable? By the common law, no valid tender could be made after a breach. And in that respect, our statute has made no change, applicable to cases on recognizance to prosecute an appeal. It was duty to pay the costs so soon as taxed. In this particular, there was neglect ; and the tender was too late, even if a tender, *made at the time of the taxation*, could have availed, of which we give no opinion.

*This* Court having power to chancer, in cases of recognizance, a judgment for the defendant in review is to be entered for the penalty, $200, and for damages, $3,30 ; with full costs.